# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 1:12-CR-49 |
| | ) | |
| ANTONIO BURGOS, SR. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant, Antonio Burgos Sr.'s, Affidavit of Fact Affidavit of Truth/Discovery [ECF No. 69], which he filed on November 26, 2013, and which the Court construes as a Motion. The Government filed a Response [ECF No. 76] on July 11, 2014. The Court gave the Defendant until July 28, 2014 to file a Reply. Instead of filing a Reply, the Defendant filed a document entitled "Demand for GSA SF24 Bid Bond" [ECF No. 77], which the Court construes as an independent Motion and which the Court will also consider in this Opinion and Order.

The Defendant is before the Court on criminal charges stemming from a federal grand jury Indictment for alleged violations of 18 U.S.C. § 514(a)(2) and (a)(3) for fictitious financial documents alleged to have been issued by the Federal Reserve Bank of Richmond, Virginia. In his Affidavit of Truth/Discovery Motion, the Defendant seeks to have the prosecutor "reveal foregn [sic] agent status" and is demanding a copy of

> plaintiff's alleged attorneys foreign agent's registration . . . to verify that each and every one appearing at any time, have the authority to collect information and contributions for any foreign power, and then lacking such there thern is probably cause to believe each may be acting in felony breach of their alleged oath, acting as an unregistered foreign agent in violation of 18 USC section 651, engaged in inland piracy in violation of 18 USC section 1651 . . . .

(Def.'s Motion, ECF No. 69, at 1). The Defendant also claims that the proceedings against him are part of a "clever conspiracy to overthrow the Constitution for the united [sic] States of

America in nature of sedition and treason . . . ." (*Id.*)

The statutes cited by the Defendant are inapplicable to the case before the Court. This is a criminal matter brought by the United States against the Defendant. Assistant United States Attorney Tina Nommay is representing the United States in this matter. The Defendant has not cited any provision that would require Government counsel to provide any information regarding employment status to the Defendant for any reason. *See generally United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007) (stating that "nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken an oath"). Just as there is nothing in the law requiring disclosure of such information by a district judge, there is nothing in the law (and the Defendant certainly has not pointed to any applicable provision) that requires Government counsel to disclose the information the Defendant is seeking.

The rules of discovery in criminal proceedings are governed by Federal Rule of Criminal Procedure 16. The Defendant's current requests for information do not fall within the scope of the Rules. Furthermore, he cites no applicable authority justifying his requests. Based on the foregoing information, the Defendant's requests for information contained in his Motion titled an Affidavit of Fact Affidavit of Truth/Discovery are denied.

The Court now turns to the Defendant's latest Motion [ECF No. 77] titled "Demand for GSA SF24 Bid Bond." In this filing the Defendant demands (1) the presentment of any and all original wet ink Bid bonds; (2) any and all wet ink contracts as well as true copies the bid bonds relate to; and (3) proof of claim by the court, Plaintiff, and prosecution that there use of a bid bond is not in violation of (a) the 13th Amendment, (b) Human trafficking, and (c) International

law. (Def.'s Motion, ECF No. 77, at 1). Along with these demands, the Defendant has also attached another Affidavit of Fact/Affidavit of Truth in which he continues to claim that because the Court is flying "an admiralty flag," this is a commercial matter and not a matter judged in law. As such, the Defendant is repeating his previous arguments that this Court does not have jurisdiction over this matter.

The Defendant has already presented these jurisdictional claims to the Court and had them rejected. His numerous requests for information and certain documents appear to be based on the Court accepting his jurisdictional argument and applying an entirely different set of laws than those that apply in this criminal prosecution. Notably, the Court issued an Opinion and Order [ECF No. 57] rejecting the Defendant's jurisdictional arguments and finding that this Court does in fact have jurisdiction on July 19, 2013. The Court has also granted the Government's Motion in Limine [ECF No. 55] with an Opinion and Order [ECF No. 64], issued on August 29, 2013, that prevents the Defendant from continuing to raise his jurisdictional arguments at trial. The matter of jurisdiction has already been settled by this Court. Thus, discovery requests that do not comply with the Federal Rules of Criminal Procedure and are based on an alternative set of laws that the Defendant believes would apply if the Court accepted his jurisdictional arguments will continue to be denied because, once again, the issue of jurisdiction is settled. If the Defendant has discovery requests or issues that fall within the scope of this criminal prosecution and are not based on his jurisdictional claims, then the Court will consider such arguments if and when they are put before this Court. For the reasons contained in the Court's previous Orders and Opinions [ECF Nos. 57 & 64] and because the requests contained in the Defendant's Motion have no basis in the Federal Rules of Criminal Procedure,

the Court denies his Motion.

Being duly advised, the Court DENIES the Defendant's Motion titled as an "Affidavit of Fact Affidavit of Truth/Discovery" [ECF No. 69] and DENIES the Motion titled as a "Demand for GSA SF24 Bid Bond." The Court sets this matter for an IN PERSON final pretrial conference on Monday, August 18, 2014, at 1:30 PM before Judge Theresa L. Springmann; and for a three (3) day jury trial beginning on Wednesday, September 3, 2014, at 8:30 AM before Judge Theresa L. Springmann. The Defendant will be notified of these dates and times via telephone by the Clerk's Office.

SO ORDERED August 11, 2014.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT